UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TROY E. PHILLIPS, | ) |
| | ) |
| Petitioner | ) |
| | ) CAUSE NO. 3:17-CV-644 RLM-MGG |
| vs. | ) |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent | ) |

OPINION AND ORDER

Troy Phillips, a prisoner without a lawyer, filed a habeas corpus petition to challenge his conviction and 40-year sentence for robbery, possession of a firearm as a serious violent felon and habitual offender by the Marion County Superior Court on January 16, 2004, under cause number 49G01-0302-FB-031230. Habeas corpus petitions are subject to a strict one-year statute of limitations.[1] The

---

[1] The statute of limitations for habeas corpus cases is set out in 28 U.S.C. § 2244(d) which provides:
> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or

1

limitation period can begin to run from any of four possible dates. Nothing in Mr. Phillips's petition indicates that State action impeded him from filing a habeas corpus petition sooner or that his claims are based on a newly recognized constitutional right or newly discovered facts. Therefore 28 U.S.C. § 2244(d)(1)(B), (C), and (D) are not applicable here, and the limitation period began to run pursuant to 28 U.S.C. § 2244(d)(1)(A) when the conviction became final upon the expiration of time to pursue direct review.

Mr. Phillips didn't file any state court challenge to his conviction, so his conviction became final for purposes of 28 U.S.C. § 2244(d)(1)(A) when the time for filing an appeal expired on February 16, 2004. *See* IND. APP. R. 9(A) (appeal must be filed with the Indiana Court of Appeals within 30 days of trial court's judgment); Gonzalez v. Thayer, —U.S.—, 132 S. Ct. 641, 653-654 (2012) (when a state prisoner does not complete all levels of direct review, his conviction becomes final for purposes of 28 U.S.C. § 2244(d)(1)(A) when the time for seeking such review expires). Absent any period of tolling, Mr. Phillips's federal limitations period began to run on February 17, 2004 and expired one year later, on February 16, 2005. When he signed his petition on August 13, 2017, he was more than 12 years late.

In response to question 9 (which asked him to explain why the petition is timely), Mr. Phillips argues that his habeas petition is timely because he

---

other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

exhausted his administrative remedies through the Indiana Department of Correction grievance process. To satisfy the exhaustion requirement in this case, Mr. Phillips had to pursue a State court challenge to his conviction. See 28 U.S.C. § 2244(d). His filing of prison grievances did not toll his limitations period to file in federal court. See Lewis v. Sternes, 390 F.3d 1019, 1025-26 (7th Cir. 2004) (a habeas petition must "assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings. This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory"). Mr. Phillips's petition must be denied because it is untimely.

Under Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when a petition is dismissed on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484 (2000). There is no basis for finding that jurists of reason would debate the correctness of today's procedural ruling, so a certificate of appealability must be denied. For the same reasons, Mr. Phillips may not appeal in forma pauperis because an appeal couldn't be taken in good faith.

For these reasons, the court:

(1) DENIES the petition (ECF 1) pursuant to Section 2254 Habeas Corpus Rule 4 because it is untimely;

(2) DENIES Mr. Phillips a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(3) DENIES Mr. Phillips leave to appeal in forma pauperis pursuant to 28 U.S.C. § 1915(a)(3).

The clerk shall enter judgment accordingly.

SO ORDERED.

Date:   November 2 , 2017

/s/ Robert L. Miller, Jr.
Judge
United States District Court